UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eric LeBlanc

    v.    No. 25-cv-163-JL-AJ

Americredit Financial Services, Inc.
d/b/a GM Financial

## REPORT AND RECOMMENDATION

Self-represented plaintiff Eric LeBlanc has sued Americredit Financial Services, Inc., d/b/a GM Financial ("GM Financial"), alleging that GM Financial committed various common law torts in connection with the financing of Mr. LeBlanc's purchase of a motor vehicle.[1] Presently before the court for a recommended disposition is the defendant's motion to dismiss (Doc. No. 7), to which the plaintiff has objected (Doc. No. 8). The motion has been referred to the undersigned magistrate judge for a recommended disposition. See 28 U.S.C. § 636(b)(1)(B). As explained more fully below, the motion to dismiss should be granted because a prior state court judgment precludes Mr. LeBlanc's claims. Alternatively, dismissal of several contract-

---

[1] Mr. LeBlanc asserts claims of Negligent/Intentional Breach of Fiduciary Duty (Count I), Fraud (Count II), Conversion (Count III), Unjust Enrichment (Count IV), and Discrimination (Count V.)

related causes of action is warranted pursuant to the economic loss doctrine. Discrimination and unjust enrichment claims should be dismissed because Mr. LeBlanc has failed to allege facts that support the claims.

## Factual Background and Prior Proceedings[2]

In August 2024, Mr. LeBlanc purchased a vehicle from a dealership in Baytown, Texas.[3] See Compl. Exh. B. (Doc. 1-1). In connection with the purchase, Mr. LeBlanc and the seller executed a financing agreement, under which the first monthly payment was due on October 15, 2024. (Doc. No. 7-2). The financing agreement was subsequently assigned to the defendant. See, e.g., October 2025 Invoice, Compl. Exh. A (Doc. No. 1-1) at 11. Mr. LeBlanc does not allege that he made any payments to the defendant. He asserts that GM Financial failed to credit his account in accordance with his "tenders" and instructions.[4]

---

[2] The factual narrative is drawn from Mr. LeBlanc's complaint (Doc. No. 1), the contract he alleges that the defendant failed to honor (Doc. No. 7-2), and documents from the New Hampshire Superior Court. (Doc. No. 7-3). See Lyman v. Baker, 954 F.3d 351, 360 (1st Cir. 2020) (noting that, when ruling on a motion to dismiss, the court can consider, among other things, documents "fairly incorporated into the complaint" and "facts susceptible to judicial notice," such state court decisions and filings).

[3] Mr. LeBlanc listed a Texas address on the purchase and loan documents. He now resides in New Hampshire.

[4] Mr. LeBlanc claims to have "submitted a tender of payment" pursuant to the Federal Reserve Act, 12 U.S.C. §§ 411-12. There is no authority for the proposition that the Federal Reserve Act

2

On December 9, 2024, Mr. LeBlanc sued GM Financial in Hillsborough County Superior Court-Southern Division. See LeBlanc v. GM Financial, No. 226-2024-CIV-00676; Def. Mem. Exh. B (Doc. No. 7-3). The complaint was based on the August 30, 2024, loan transaction that is the subject of this suit. Id. As damages, Mr. LeBlanc requested that GM Financial pay him the

---

applies to the facts and circumstances of this case. As near as the court can tell from his exhibits, Mr. LeBlanc, rather than sending payments to GM Financial, instead "endorsed" the loan installment invoices and sent them to the defendant with instructions "to apply Principal's Balance to Principal's Account referenced above for set off." E.g., Compl. Exh. C-2 (Doc. No. 1-1) at 12. This is a fictional legal construct which has no support in the law. See Arnold v. Santander Consumer USA, No. 3:24-CV-1125 (VDO), 2025 WL 1358546, at *4 (D. Conn. May 9, 2025) (dismissing as frivolous plaintiff's assertions "that Plaintiff attempted to pay off the auto loan with an 'endorsement, or other non-standard, self-generated document[.]'" (quoting Sears v. Rocket Mortgage, LLC, No. 25-CV-409, 2025 WL 1001586, at *3 (E.D. Cal. Apr. 3, 2025). Courts have regularly rejected similar theories. See, e.g., Moore v. Discover Bank, No. 24-CV-3194, 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (dismissing a complaint where plaintiff directed a bank executive to "apply the positive value of the negotiable instruments on the account to set off the account and bring it to zero"); Masala v. Napolitano, No. 22-CV-1641, 2024 WL 1157261, at *2-3 (D. Conn. Mar. 18, 2024) (dismissing case where plaintiff argued that he "tender[ed a] payment" that included a "Private Registered Set-Off Bond valued at One Million Dollars"); Sears, 2025 WL 1001586, at *2-3 (dismissing complaint where "the underlying premise of the complaint [was] that plaintiff's promissory note to defendant was legal tender that discharged the debt on his mortgage"). To the extent that Mr. LeBlanc asserts that he made loan payments by "endorsing" the invoices and submitted the so-called "endorsed tenders of payment," the court does not consider these to be factual allegations which must be accepted in the context of a motion to dismiss, but are instead baseless legal conclusions which the court disregards.

3

loan payments he made through the above-described "tender" process. Id. at 3-4.

Construing the complaint as alleging claims for breach of contract, negligence and breach of fiduciary duty, id. at 3, The court granted GM Financial's motion to dismiss on March 13, 2025. Def. Mem. Exh. C. (Doc. No. 7-4). In deference to his pro se status, the court granted Mr. LeBlanc leave to amend. Id. at 6. The court denied Mr. LeBlanc's motion to amend on April 22, 2025. Id. at 8. This suit followed two days later.

## Standard of Review

A defendant may move to dismiss for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court takes a plaintiff's factual allegations in the complaint as true, and draws all reasonable inferences from those facts in the plaintiffs' favor. See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández v. Fortuno-Burset, 640 F.3d 1, 13 (1st Cir. 2011). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," dismissal is appropriate. Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19,

4

25 (1st Cir. 2018) (internal quotations omitted). Although res judicata, collateral and judicial estoppel, and the statute of limitations are affirmative defenses, they may be adjudicated on a motion to dismiss under Rule 12(b)(6). Sutliffe v. Epping Sch. Dist., 627 F. Supp. 2d 41, 44 (D.N.H. 2008), aff'd, 584 F.3d 314 (1st Cir. 2009). "Such adjudication is appropriate only if 'the facts that establish the defense [are] definitively ascertainable' from the complaint and matters of judicial notice and those facts 'conclusively establish the affirmative defense.'" Karpinski v. Union Leader Corp., No. 18-CV-1214-PB, 2019 WL 3203144, at *3 (D.N.H. July 16, 2019) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003)0.

## **Discussion**

GM Financial bases its motion to dismiss on several separate arguments: 1) that the preclusive effect of the state court judgment in its favor warrants dismissal of the entire complaint; 2) that the economic loss doctrine bars Mr. LeBlanc's fiduciary duty, fraud, and conversion claims; 3) that the complaint fails to allege facts sufficient to support unjust enrichment and discrimination claims; and 4) that the complaint fails to comply with Fed. R. Civ. P. 8's requirement of a "short plain statement of the claim."

A. Res Judicata

The term "res judicata" encompasses both claim preclusion and issue preclusion. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008). GM Financial's motion implicates claim preclusion. "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).

To determine whether this action is precluded by the prior state court decision, the court looks to New Hampshire's law of res judicata. See Dillon v. Select Portfolio Servs., 630 F.3d 75, 80 (1st Cir. 2011) ("Under federal law, a state court judgment receives the same preclusive effect as it would receive under the law of the state in which it was rendered."). Under New Hampshire law, res judicata "precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." Brooks v. Tr. of Dartmouth Coll., 161 N.H. 685, 690 (2011). Three elements must be met for res judicata to apply: "(1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a

final judgment on the merits must have been rendered in the first action." Id.

Here, only the second element – whether Mr. LeBlanc has asserted the same cause of action as in the state court case – is at issue. Under New Hampshire law, "cause of action" "is defined as the right to recover, regardless of theory of recovery." Merriam Farm, Inc. v. Town of Surry, 168 N.H. 197, 199 (2015). "Generally, in determining whether two actions are the same cause of action for the purpose of applying res judicata, [the court] consider[s] whether the alleged causes of action arise out of the same transaction or occurrence." Id. at 199-200 (internal quotation marks omitted). "Res judicata will bar a second action even though the [plaintiff] is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action." Id. at 200.

It cannot seriously be disputed that the two cases Mr. LeBlanc initiated involve the same "cause of action." Both cases arise out of the August 30, 2024 financing contract, Mr. Leblanc's efforts to make payments by his "tenders" and GM Financial's refusal to comply with Mr. LeBlanc's instructions regarding his tenders. In his objection, Mr. LeBlanc argues that this suit, unlike the earlier one, is for "security fraud." Pltf. Obj. (Doc. No. 8) at 2. But he does not explain why he could not have brought that claim in the state court suit

7

involving the same loan agreement. Regardless, both suits are premised on his alleged "payments." That he has given his various causes of action in this case different names than in the first suit is irrelevant to the court's analysis. See Goodman v. Wells Fargo Bank, N.A., No. 17-CV-199-JL, 2018 WL 4440549, at *5 (D.N.H. Sept. 17, 2018) (observing that "cause of action" includes "all rights to remedies with respect to all or any part of the transactions, or series of connected transactions, out of which the [first] action arose." (citing Grossman v. Murray, 141 N.H. 265, 269 (1996)). The "cause of action" in question in both of Mr. LeBlanc's cases is whether GM Financial failed to comply with certain alleged obligations and Mr. LeBlanc's instructions under the loan agreement. All three elements of res judicata are therefore satisfied.

B. Economic Loss Doctrine

In addition to being barred by res judicata, three of Mr. Leblanc's five asserted causes of action (breach of fiduciary duty, fraud, and conversion) are barred by the economic loss doctrine, a "judicially-created remedies principle that operates generally to preclude contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship." Plourde Sand & Gravel v. JGI Eastern, 917 A.2d 1250, 1253 (N.H. 2007) (quotation omitted).

The rule precludes a harmed contracting party from recovering in tort unless he is owed an independent duty of care outside the terms of the contract. Id. at 1253-54. Economic loss recovery may be permitted in such a situation only where there is: (1) a "special relationship" between the plaintiff and the defendant that creates a duty owed by the defendant; or (2) a negligent misrepresentation made by a defendant who is in the business of supplying information. Wyle v. Lees, 33 A.3d 1187, 1190-91 (N.H. 2011); See Homes Dev. Corp. v. Edmund & Wheeler, Inc., No. 21-CV-0633-SM, 2022 WL 4586480, at *14 (D.N.H. Sept. 29, 2022) ("A special relationship for purposes of the exception is similar to the duty owed by a promisor to a third-party beneficiary, that is, if the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of making the contract.") (cleaned up). Counts I-III indisputably seek tort remedies for GM Financial's alleged malfeasance in connection with the loan contract. As Mr. LeBlanc has alleged neither a special relationship nor a misrepresentation, Counts I-III should be dismissed pursuant to the economic loss doctrine.

C. Unjust Enrichment

In Count IV, Mr. LeBlanc asserts that GM Financial is liable for unjust enrichment because it did not "utilize and

9

disperse the security interests as instructed . . . ." Compl. (Doc. No. 1) ¶ 37.

"The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." Pella Windows and Doors v. Faraci, 580 A. 2d 732, 733 (N.H. 1990) (quotation omitted). To state a claim, a plaintiff must sufficiently allege that the defendant was enriched at the plaintiff's expense through either: (1) wrongful acts; or (2) "passive acceptance of a benefit that would be unconscionable to retain." Kowalski v. Cedars of Portsmouth Condo. Assoc., 146 N.H. 130, 133, 769 A.2d 344 (2001). It is well-established, however, that the court cannot allow recovery under a theory of unjust enrichment when there is a valid, express contract covering the subject matter at hand. Axenics, Inc. v. Turner Const. Co., 164 N.H. 659, 669–70, 62 A.3d 754, 764 (2013).

Here, not only has Mr. LeBlanc failed to allege any wrongful acts or unconscionability, but the parties' relationship is also unquestionably based on, and governed by, the terms of the loan agreement, which, in its opening paragraph, states that LeBlanc "agree[s] to pay [GM Financial] . . . . in U.S. Funds . . . ." Def. Mem. Exh. A (Doc. No. 7-2) at 2. While Mr. LeBlanc's implicit contention that his "tenders" are a valid substitute for "payment in U.S. Funds" is

dubious at best, see supra n.3, the requirement and method of payment is squarely addressed by the contract, and thus fatal to his unjust enrichment claim. Accordingly, Count IV should be dismissed for failure to state a claim for relief.

D. Discrimination

In Count V, Mr. LeBlanc alleges that GM Financial's refusal to accede to his "payment" method constituted age discrimination because he was treated like a "minor or incompetent." This bald assertion is insufficient to sustain an otherwise unsupported claim. This claim should be dismissed because it fails to state a viable claim for relief.

## Conclusion

Based on the foregoing, the district judge should grant GM Financial's motion to dismiss (Doc. No. 7). The entire complaint is barred by res judicata. In addition, Counts I-III are barred by the economic loss doctrine and Counts IV and V fail to state a claim for relief.[5]

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time

---

[5] In light of these findings, the court declines to address GM Financial's claim that the complaint does not comply with Fed. R. Civ. P. 8.

11

waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

Date: July 8, 2025

_____
Andrea K. Johnstone
United States Magistrate Judge

cc: Eric LeBlanc, pro se
    Elizabeth M. Lacombe, Esq.